[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-15706
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 8, 2011
JOHN LEY
CLERK

Agency No. A088-899-761


NILCA MARTINS-DE OLIVEIRA,

                                                                    Petitioner,


versus


U.S. ATTORNEY GENERAL,

                                                                    Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(September 8, 2011)

Before HULL, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Nilca Martins-De Oliveira ("Petitioner") seeks review of the Board of

Immigration Appeals's ("BIA") affirmance of the Immigration Judge's ("IJ") order of removability after finding that Petitioner was not credible, and that she failed to establish that she had been admitted to the United States.

In 2008, the Department of Homeland Security served Petitioner, a native and citizen of Brazil, with a Notice to Appear, charging her as removable pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States who had not been admitted or paroled. Petitioner contended that she was admitted or paroled, and therefore was eligible for adjustment of status and waiver to cure her fraudulent admission. The IJ found that Petitioner was not credible and that she failed to satisfy her burden of establishing her time, manner, and date of entry. As such, she was removable and not entitled to adjustment of status. The BIA affirmed and agreed that Petitioner was not credible based upon multiple inconsistencies between her testimony and the evidence she submitted, and the fact that her testimony was unclear and changed during the course of the proceedings. The BIA also determined that Petitioner failed to submit direct evidence that she entered the United States using a photo-switched, fraudulent passport.

Petitioner now argues that she could seek a waiver of her unlawful entry and an adjustment of status because the evidence and her testimony established that

she entered using a photo-switched passport and was, therefore, inspected and admitted. Petitioner asserts that the IJ used ambiguous and subjective language with respect to her credibility, and its reasoning was not specific or cogent, thereby preventing proper review by the BIA.[1] Additionally, Petitioner argues that the IJ failed to act as a neutral and impartial arbiter during her removal proceedings.

## I.

We review only the decision of the BIA, except to the extent that it expressly adopts the IJ's opinion. *Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1350 (11th Cir. 2009). We will not review the IJ's findings or conclusions that the BIA did not adopt or approve. *Lopez v. U.S. Att'y Gen.*, 504 F.3d 1341, 1344 (11th Cir. 2007). Here, the BIA affirmed the IJ's credibility determination and stated that there was no clear error in the IJ's adverse credibility finding, which the BIA found was supported by specific, cogent reasons. Thus, the BIA approved the IJ's reasoning with respect to the adverse credibility finding, so we will review the IJ's reasoning as well. *See Kazemzadeh*, 577 F.3d at 1350.

---

[1] Petitioner also argues that the IJ's credibility determination was improper as it was based upon stricter, post-September 11, 2001, airline security policies. We need not consider Petitioner's arguments pertaining to post-September 11, 2001, security policies because she did not raise this argument before the BIA. *See* 8 U.S.C. § 1252(d)(1) (prohibiting review of unexhausted claims); *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006) (per curiam).

We review *de novo* the legal conclusions of the BIA and the IJ, and we review findings of fact for substantial evidence. *Id*. We must affirm the BIA's decision if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole. That means a finding of fact will be reversed only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal." *Lopez*, 504 F.3d at 1344 (citations omitted) (internal quotation marks omitted).

The IJ, in evaluating credibility, must consider the "totality of the circumstances," including

> demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record (including the reports of the Department of State on country conditions), and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor.

8 U.S.C. § 1158(b)(1)(B)(iii). The BIA and the IJ must consider all evidence the applicant introduces. *Kazemzadeh*, 577 F.3d at 1351. The IJ must make a clean determination of credibility, such that the reviewing court is not "left in the dark"

4

as to whether the IJ believes the asylum seeker's testimony. *Yang v. U.S. Att'y Gen.*, 418 F.3d 1198, 1201 (11th Cir. 2005). An implicit finding that the testimony is not credible is not sufficient. *Id.* "The [IJ] must consider the issues raised and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Kazemzadeh*, 577 F.3d at 1351 (internal quotation marks omitted).

When the BIA upholds an adverse credibility finding, the petitioner has the burden to show that the credibility determination "was not supported by specific, cogent reasons or was not based on substantial evidence." *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1287 (11th Cir. 2005) (internal quotation marks omitted). Under this test, we view "the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." *Id.* at 1286 (internal quotation marks omitted). Like any other factual finding, a credibility determination "may not be overturned unless the record compels it." *Id*. at 1287 (internal quotation marks omitted).

The BIA and IJ gave specific, cogent reasons for finding Petitioner not credible. Specifically, both noted inconsistencies between Petitioner's testimony and the numerous documents that she submitted—including inconsistencies between her testimony, the dates on the plane ticket, the luggage claim ticket, the

5

hotel receipt, and the travel itinerary. Moreover, Petitioner could not produce the original photo-switched passport that she allegedly used to enter the United States, nor could she produce a copy. Thus, substantial evidence supports the BIA's reasons for discrediting Petitioner. Accordingly, we deny Petitioner's petition for review as to this issue.

## II.

Because Petitioner failed to raise the issue of the IJ's impartiality before the BIA, we lack jurisdiction to consider this claim. *See* 8 U.S.C. § 1252(d)(1); *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006) (per curiam). Accordingly, we dismiss Petitioner's petition for review as to this issue.

**DENIED IN PART, DISMISSED IN PART.**